IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,171-01






EX PARTE RUSSELL LYNN STRACENER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM HOPKINS COUNTY






 Johnson, J., filed a concurring statement in which Keasler, Hervey, and
Cochran, JJ., joined.



C O N C U R R I N G S T A T E M E N T



 Applicant sought an order from this Court barring the imposition of sex-offender conditions
on his parole. We remanded to the trial court for findings as to whether applicant had ever been
convicted of a sexual offense, whether he had been released on parole, and if so, whether sex-offender conditions had been imposed. The trial court was also ordered to make findings as to
whether the Board of Pardons and Paroles had provided to applicant the due process required before
sex-offender conditions may be imposed. Meza v. Livingston, 607 F.3d 392, 411 (5th Cir. 2010).

 The trial court determined that applicant had not been convicted of a sexual offense and that
he had not been released on parole. It also found that applicant had been "given notice of his parole
review, but was not provided with disclosure of the evidence presented against him nor was there
a hearing in which Applicant was permitted to be heard in person, present documentary evidence,
call witnesses and confront and cross-examine witnesses. There is no written statement by the Parole
Board showing the evidence relied upon and the reason it attached sex offender conditions to
Applicant's parole."

 Based on its findings, the trial court concluded that the Board of Pardons and Paroles had
failed to meet the requirements of Meza, but noted that, at the time of its findings, Meza was not
final. On May 4, 2011, this Court adopted the standards of Meza. Ex parte Evans, ___ S.W.3d ___,
2011 Tex. Crim. App. LEXIS 596, No. AP- 76,445 (Tex. Crim. App., delivered May 4, 2011). If
applicant has not yet had a hearing that fulfills the requirements of Evans and Meza, I remind the
Texas Department of Criminal Justice that it must provide one expeditiously.

 Applicant's difficulty as to the imposition of sex-offender conditions is that, until he is
paroled and sex-offender conditions are imposed, he cannot state a claim upon which relief may be
granted. The public site of the Texas Department of Criminal Justice indicates that, as of May 24,
2011, applicant was still in custody. Because he has not been released on parole and therefore no
sex-offender conditions have been imposed on his release, he is not eligible for the requested relief,
as the need for relief is prospective and, at this point, speculative. If applicant is released on parole
before his projected release date of December 20, 2012, and sex-offender conditions are imposed
even though he has no sexual-offense convictions, he may then file another application for writ of
habeas corpus that requests relief from those conditions.



Filed: June 15, 2011

Do not publish